United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

US BANK NATIONAL ASSOCIATION,
Plaintiff,

v.

DAVID R. FOLEY, and others,
Defendants.

Case No. 23-cv-01029-NC

**ORDER TO SHOW CAUSE AS TO WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT**

Re: ECF 1

The matter before the Court is an unlawful detainer action, wherein Plaintiff US Bank National Association ("US Bank") alleges Defendants David Foley and Lisa Foley ("Defendants") have failed to deliver up possession of a property in Los Gatos, California. ECF 1, Ex. 1 at 7. The action was initially filed in Santa Clara Superior Court on August 18, 2022. *Id.* at 6. On February 27, 2023, Defendants removed the matter to federal court. ECF 1. A cursory review of Defendants' claims reveals serious flaws regarding this Court's jurisdiction over the matter. Therefore, the Court ORDERS Defendants to address the following issues to justify why this matter should remain in federal court.

## I. LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to the district court where the action is pending. 28 U.S.C. § 1441. The removal statute is strictly construed

against removal jurisdiction, and defendant bears the burden of establishing that removal is proper. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Any doubt as to the court's jurisdiction in a removal case will be resolved in favor of remand to state court. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).

## II. DISCUSSION

Defendants assert two theories regarding jurisdiction: (1) the Court has federal question jurisdiction because Plaintiff's claim is "in response to Defendant's complaint for violations of the Fair Debt Collection Practices Act," and (2) diversity jurisdiction. ECF 1 ¶¶ 17-19. The Court summarizes the issues arising under each theory below.

### 1. Federal Question Jurisdiction

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). This rule restricts the defendant to the four corners of the plaintiff's statement of its claim and prevents removal even in the face of anticipated federal defenses. *Id.*

Here, US Bank's complaint is a single-action unlawful detainer claim. *See* ECF 1, Ex. 1 at 6. "A cause of action for unlawful detainer under California law ... does not arise under federal law." *JP Morgan Chase Bank, Nat. Ass'n v. Chavez*, No. 12-cv-00941 JW, 2012 WL 1142538, at *1 (N.D. Cal. Apr. 2, 2012). There is nothing on the face of the complaint to suggest any federal claims. Instead, Defendants appear to argue the Court has supplemental jurisdiction over this matter by virtue of a related federal case, titled *David R. Foley v. US Bank National Association, et al.*, No. 23-cv-00877-NC. However, the mere fact a related case is pending in federal court does not authorize the Court to commandeer a separate state court action. *Bank of New York Mellon v. Palmer*, No. 17-cv-00707-DAD(SKO), 2017 WL 2791662, at *2 (E.D. Cal. June 28, 2017). In fact,

*Palmer* presents a similar procedural posture to the case at hand, where the court remanded an unlawful detainer action that was removed to federal court based on Defendants' same theory of supplemental jurisdiction. *Id.*

Defendants must specifically address how US Bank's complaint presents a federal question.

**2. Diversity Jurisdiction**

Defendants further allege the Court has diversity jurisdiction over US Bank's unlawful detainer claim. ECF 1 ¶ 19. To establish diversity jurisdiction, the removing defendant must show (1) the amount in controversy exceeds $75,000, and (2) the suit is between citizens of different states. 28 U.S.C. § 1332. As with original jurisdiction based on a federal question, the existence of diversity jurisdiction must be determined from the face of the complaint. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). In addition to the requirements above, "28 U.S.C. § 1441(b)(2) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). Put simply, a defendant sued in a diversity action in the state where they reside cannot remove the case to federal court. *See Aetna Inc. v. Gilead Scis., Inc.*, 599 F. Supp. 3d 913, 917 (N.D. Cal. 2022).

Defendants' removal action appears to run afoul of both principles. First, US Bank's complaint explicitly states it is seeking less than $25,000. The damages calculation is based on an equation of $100.00 per day since August 10, 2022. ECF 1, Ex. 1 at 8. At the time of filing, this sum falls far short of the $75,000 figure to establish diversity jurisdiction. Nevertheless, Defendants contend the amount in controversy exceeds this threshold when combined with the related federal case. ECF 1 ¶ 30. For the same reasons enumerated above, Defendants cannot bootstrap their removal action based on the related case. Second, and more critically, Defendants concede they are both "residents of the County of Santa Clara, in the State of California," thus violating the forum defendant rule. *Id.* ¶ 23.

United States District Court
Northern District of California

Thus, Defendants must not only address how the amount in controversy exceeds $75,000 without reference to the related matter, but also how this matter can proceed in light of the forum defendant rule.

## III. CONCLUSION

Based on the foregoing, Defendants must address the issues enumerated above in writing by March 24, 2023. However, the Court cautions that if the matter necessitates remanding the case to state court, Defendants may be required to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Dated: March 10, 2023

NATHANAEL M. COUSINS
United States Magistrate Judge