DAVID R. FOLEY
311 SANTA ROSA DRIVE
LOS GATOS, CALIFORNIA
408.692.5560
dflegal@hyperware.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DAVID R. FOLEY, LISA L. FOLEY, AND DOES 1-10, INCLUSIVE.<br><br>　　　　Defendant. | Case No.: 5-23-CV-01029<br><br>REPLY TO COURT'S INTENTION TO REMAND THE ACTION WHERE REMOVAL WAS BASED ON FEDERAL QUESTION AND DIVERSITY JURISDICTION<br><br>[28 U.S.C. § 1441(A), (B), AND (C)]<br><br>[REMOVAL FROM SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA, CASE NO. 22CV402825] |

**TO THE COURT, CLERK, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

　　　Plaintiff respectfully responds to the court and prays that the court not sua sponte remand the eviction action on the following grounds.

　　1. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

This is a property which the Plaintiff has claimed in their pleadings to have purchased for $4,789,409.  Because this purchase is in question in this case, and the Plaintiff has not provided any evidence of a legitimate purchase transaction, the value of the property in question that the Plaintiff wishes to illegally take possession of far exceeds the amount in controversy.  The reasonable rent for this specific property is $10,492 per month, or $344.94 per day as shown in the attached Exhibit 1.  There have currently been 225 days since the Plaintiff is attempting to collect rent putting the claim for reasonable rent at $77,612.05, on its own exceeding the $75,000 amount in controversy.

REPLY TO COURT'S INTENTION TO REMAND THE ACTION WHERE REMOVAL WAS BASED ON FEDERAL QUESTION AND DIVERSITY JURISDICTION[28 U.S.C. § 1441(A), (B), AND (C)][REMOVAL FROM SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA, CASE NO. 22CV402825] - 1

The reasonable rent for this property being sought ON THE FACE OF THE COMPLAINT is an UNLIMITED AMOUNT and the action filed by the Plaintiff US BANK NATIONAL ASSOCIATION THEREFORE EXCEEDS $75,000.

**2.  THERE IS INDISPUTABLE DIVERSITY BETWEEN THE PARTIES.**

The Plaintiffs own filings in the related case 5-23-CV-00877 show that they agree that there is indisputable diversity between parties as noted in their filings to remove the related case to this same court:

"***PLEASE TAKE NOTICE*** *that defendant U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust, erroneously named as TRUMAN 2016 SC6 TITLE TRUST ("Truman Trust") hereby removes this action from the Superior Court of California, County of Santa Clara, to the United States District Court for the Northern District of California…*"

**I.  THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

1. The Complaint was filed in the Superior Court of California, County of Santa Clara, on or about 8/18/2022, entitled. *US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST v. DAVID R. FOLEY, LISA L. FOLEY, and DOES 1-10, Inclusive.*

2. On February 27th, 2023, Plaintiff removed the related action, DAVID R. FOLEY, v. US BANK NATIONAL ASSOCIATION, TRUMAN 2016 SC6 TITLE TRUST, ATTORNEY LENDER SERVICES, INC., Case 5:23-cv-00877-NC and this is the related action.

3. The determination of DAVID R. FOLEY, v. US BANK NATIONAL ASSOCIATION, TRUMAN 2016 SC6 TITLE TRUST, ATTORNEY LENDER SERVICES, INC., related Case 5:23-cv-00877-NC must be made before *US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST* can attempt to take possession of the property and evict DAVID R. FOLEY and LISA L. FOLEY.

4. The Notice of Removal was brought on behalf of DAVID R. FOLEY has appeared in this action. Both DAVID R. FOLEY and LISA L. FOLEY have consented to removal.

5. To DAVID R. FOLEY and LISA L. FOLEY's knowledge, there are no other named defendants in this action other than Doe Defendants.

6. The "DOE" defendants need not consent to or join in the notice of removal. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

7. Accordingly, this removal was submitted without joinder by any other defendants.

8. No previous request has been made for removal.

9. This action is removable to the instant Court because it originally could have been filed in this Court pursuant to 28 U.S.C. § 1441(a) and (b).

10. This action is removed to the instant Court pursuant to the existence of diversity jurisdiction between parties. 28 U.S.C. § 1441(b); 28 U.S.C. § 1332.

11. Diversity jurisdiction exists because this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00 especially since the property in question is valued at $4,789,409.

12. Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367.

13. Diversity exists between the parties at the time the action was commenced and at the time of this notice of removal. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131-32 (9th Cir. 2002).

A. **CITIZENSHIP OF THE PARTIES**

14. The Complaint states that at all times relevant herein, Defendants are residents of the County of Santa Clara, in the State of California. See Complaint.

15. See *Lew v. Moss*, 797 F.2d 747, 749 -750 (9th Cir. 1986) (a person is domiciled in a location where he or she has established a fixed habitation or abode in a particular place and intends to remain there permanently or indefinitely).

16. Therefore, Defendants are Citizens of California.

17. Truman Trust is, and was at the time of the filing of the Complaint, a national bank association with its main office located in Cincinnati, Ohio.

REPLY TO COURT'S INTENTION TO REMAND THE ACTION WHERE REMOVAL WAS BASED ON FEDERAL QUESTION AND DIVERSITY JURISDICTION[28 U.S.C. § 1441(A), (B), AND (C)][REMOVAL FROM SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA, CASE NO. 22CV402825] - 3

18. A national bank "is a citizen of the State in which its main office, as set forth in the articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006). Thus, Truman Trust is a citizen of Ohio. See *id*.; see also 28 U.S.C. § 1348; *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014) ("[U]nder 28 U.S.C.§ 1348, a national bank is a citizen only of the state in which its main office is located.").

19. Therefore, Plaintiff is a citizen of Ohio.

**B. AMOUNT IN CONTROVERSY**

20. $75,000.00 is the threshold amount associated with diversity jurisdiction. 28 U.S.C. § 1332(a).

21. The amount in controversy is determined from the allegations or prayer for relief. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 US 283, 289 (1938).

22. This complaint demands "the reasonable value of the use and occupancy of the Property is $100.00 per day, and damages have accrued to Plaintiff at that rate since August 10th, 2022, and will continue to accrue at that rate so long as Defendants remain in possession of the Property. The Plaintiff knowingly set this "reasonable rate" far below market value in an effort to remain under the $75,000 limit knowing that the ownership of the property was in dispute based on the defendants related case that was filed prior to this action being filed. The Plaintiff brought this action and is attempting to circumvent the Defendants related case but having an accelerated trial in the State Courts while delaying the Defendants case by removing it to this court. The Plaintiff removed the Defendants case to this court upon being notified of the motion to consolidate cases in the State Court in an attempt to prevent the proper consolidation of the related cases. The Defendant have already filed a motion to consolidate in this court immediately upon both cases being removed to this court. This motion to consolidate should certainly be ruled upon before any attempt to split the jurisdiction of the two related cases were to take place. The consolidated case seeks possession of a multi-million dollar property and the Complaint in that consolidated Case No. 23-cv-00877-NC seeks, among other things, general damages in the amount of $5,800,000 and special damages in the amount of $3,000,000.

23. Plaintiff is also seeking declaratory relief and for costs of suit from this action.

REPLY TO COURT'S INTENTION TO REMAND THE ACTION WHERE REMOVAL WAS BASED ON FEDERAL QUESTION AND DIVERSITY JURISDICTION[28 U.S.C. § 1441(A), (B), AND (C)][REMOVAL FROM SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA, CASE NO. 22CV402825] - 4

24. Therefore , the amount in controversy exceeds $75,000 and diversity is proper.

25. Accordingly, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(b).

**II. THIS COURT ALSO HAS FEDERAL QUESTION JURISDICTION OVER PLAINTIFF'S CLAIMS**

26. The Plaintiff in this action purports to be a trust. The Plaintiff has filed other pleadings in other courts, claiming that there exists a pooling and servicing agreement that is registered with the SEC.

27. A search of the public records, including the SEC reveals there is NO SUCH ENTITY WHATSOEVER entitled "U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust, erroneously named as TRUMAN 2016 SC6 TITLE TRUST."  See attached Exhibit 2.

28. Under Rule 17(b) of the Federal Rules of Civil Procedure the capacity of a corporation to bring suit must be determined by the law of the State in which the corporation was organized. " "capacity to sue under Rule 17(b) F.R.Civ.P. is to be regarded as the equivalent of *standing,* necessarily involves two different concepts. The rule under consideration deals with *capacity* to bring an action and does not affect survivability or assignability of a cause of action. Cinnamon v. Abner A. Wolf, 215 F.Supp. 833, 836 (E.D.Mich.1963).

29. The underlying distinction is clearly preserved in DeFranco v. United States, 18 F.R.D. 156, 159 (S.D.Cal.1955):

**30.** "Capacity" raises only the question of whether the plaintiff is free from general disability such as infancy, insanity or some other form of incompetency, or if he sues in a representative capacity, whether he actually possesses the character in which he sues. Magee v. McNany, D.C.Pa.1950, 10 F.R.D. 5. Consequently Rule 17 is not in issue. Nor would incapacity preclude one from possessing a cause of action. "Cause of action" and "capacity to sue" are different concepts. "Capacity to sue", as stated, is plaintiff's personal right to come into court; his "cause of action" is his right to relief under the facts. Magee v. NcNany, supra; United States v. Association of Amer. R.R., D.C.Neb.1945, 4 F.R.D. 510." ***Isidor Weinstein Investment Co. v. Hearst Corporation*, 303 F. Supp. 646 - Dist. Court, ND California 1969.**

REPLY TO COURT'S INTENTION TO REMAND THE ACTION WHERE REMOVAL WAS BASED ON FEDERAL QUESTION AND DIVERSITY JURISDICTION[28 U.S.C. § 1441(A), (B), AND (C)][REMOVAL FROM SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA, CASE NO. 22CV402825] - 5

31. See *U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust v. ERMELINDA ZAFARALLA; GLEN C. ZAFARALLA, et al.*, Case No. 2016-CA-005692-0, in the Circuit Court of the 9th Judicial Circuit, in and for Orange County Florida.

32. The Defendant checked the SEC because "U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust" was a Plaintiff in a foreclosure action, and responded to the discovery in that case, Plaintiff's response to the Defendant's Third Request for Production, "[U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust] hereby produces a publicly available website for viewing the pooling and servicing agreement for this [U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust]. http://www.sec.gov/edgar.shtml. Even though under penalty of perjury as a response to production of documents, no such pooling and servicing agreement exists in the SEC website.

33. So, according to sworn testimony of the Plaintiff, their pooling and servicing agreement cannot be found in the SEC Edgar filings, where NO SUCH EVIDENCE EXISTS, because the entity *U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust DOES NOT EXIST.*

34. Since a search of the SEC Edgar filings reveal that there is no evidence of a pooling and service agreement. There are no filings for this entity whatsoever in the Edgar filings.

35. There are no filings in the name of "*US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST*".

36. However, because they claim to be a Trust registered with the SEC and their pooling and servicing agreement can be found in the SEC website, none of which can be proven, then their very existence is a matter of federal law, a federal question, and will require the unique mind of this court to determine whether the Plaintiff even has standing and capacity to sue, evict, let alone exists.

37. This action is removed to the instant Court pursuant to the existence of federal question jurisdiction. 28 U.S.C. § 1441(a).

38. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because it is a civil action arising under the Constitution, laws, or treaties of the United States.

REPLY TO COURT'S INTENTION TO REMAND THE ACTION WHERE REMOVAL WAS BASED ON FEDERAL QUESTION AND DIVERSITY JURISDICTION[28 U.S.C. § 1441(A), (B), AND (C)][REMOVAL FROM SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA, CASE NO. 22CV402825] - 6

39. Specifically, Plaintiff purports to bring claims for possession of the property in response to the Defendant's complaint for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. as well as for violations of various and a multitude of securities laws.

40. Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367, as those claims form part of the same case or controversy as Plaintiff DAVID R. FOLEY's federal claims in the 23-cv-00877-NC action.

## IV. VENUE

41. Pursuant to 28 U.S.C. § 1441(a) and (b), and Local Rule 3-2, the United States District Court for the Northern District of California, San Jose Division, was the proper venue for removal of the State Court Action because it is the judicial district and division in which State Court Action is pending.

Dated this 23rd day of March, 2023.

DAVID R. FOLEY
*Defendant in Pro Se*
311 SANTA ROSA DRIVE
LOS GATOS, CALIFORNIA
408.692.5560
dflegal@hyperware.com

REPLY TO COURT'S INTENTION TO REMAND THE ACTION WHERE REMOVAL WAS BASED ON FEDERAL QUESTION AND DIVERSITY JURISDICTION[28 U.S.C. § 1441(A), (B), AND (C)][REMOVAL FROM SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA, CASE NO. 22CV402825] - 7

EXHIBIT 1

Reasonable Rent Calculation / Amount in Dispute



REPLY TO COURT'S INTENTION TO REMAND THE ACTION WHERE REMOVAL WAS BASED ON FEDERAL QUESTION AND DIVERSITY JURISDICTION[28 U.S.C. § 1441(A), (B), AND (C)][REMOVAL FROM SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA, CASE NO. 22CV402825] - 8

EXHIBIT 2 – PLAINTIFF ENTITY SEARCH RESULTS

**U.S. SECURITIES AND EXCHANGE COMMISSION**

Bottom of Form

**Search results**
**Sorry, no results found for 'TRUMAN 2016 SC6'. Try entering fewer or more general search terms.**
**Similarly, there is no results for Truman 2016.**
**And, a public search on U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6**
**Title Trust reveals:**
**Sorry, no results found for '"U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust"'. Try entering fewer or more general search terms.**

REPLY TO COURT'S INTENTION TO REMAND THE ACTION WHERE REMOVAL WAS BASED ON FEDERAL QUESTION AND DIVERSITY JURISDICTION[28 U.S.C. § 1441(A), (B), AND (C)][REMOVAL FROM SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA, CASE NO. 22CV402825] - 9